### ·In re ANNEXATION TO PETERSBURG.

First Division.   Juneau.   July 13, 1925.

No. 2493–A.

**1. Municipal Corporations ⬅➡33(5)—Annexing Territory.**

A petition was presented to the court in a proceeding to annex territory to the town of Petersburg; a remonstrance was made to the petition, and a demurrer to its sufficiency. *Held,* the petition is defective, because it does not refer to any action or proceeding by the town council or authorized by statute; it does not show that the mayor of the town is a member of the town council, or that he acted in behalf of the town council in taking the affidavit; it does not show on its face the authority for the presentation of the petition on behalf of the town council, either by resolution or ordinance, stating that it is the purpose of the town council to enlarge the corporate boundaries, as stated in the petition of property owners within the district to be annexed.

⬅➡See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Municipal Corporations ⚖═33(4)—Notice—No Notice Posted in District to be Annexed.**

On petition to annex territory to a town, the proof of notice shows that three notices were posted in the corporate limits, and that there was a publication as required by statute, but fails to show any posting of notices within the district proposed to be annexed. Under the statute, it is a requisite that the notices shall be posted within the district proposed to be annexed before the court can consider the petition. This is a jurisdictional defect, as the proceeding is in the nature of a proceeding in rem, and the notices are for the information of all persons interested, whether within or without, or having any interest in, the district, and without proof of service of the notices required by the statute, the court is without jurisdiction to hear and determine the matter.

This matter is before me on a motion to dismiss and demurrer to the petition for a hearing filed by the city of Petersburg, for an enlargement of its boundaries. The procedure is brought by the city under the provisions of article 9, c. 97, Session Laws of 1923. Section 51 of said chapter provides that:

"Whenever the council of any city shall desire to enlarge the limits of said city by annexing the territory contiguous thereto, they shall file, in the district court for the judicial division wherein the city is located, a petition signed by a majority of the owners of substantial property interests in land or possessory rights in land, tide lands or improvements upon land or tide land within the limits of the territory so proposed to be annexed, setting forth by metes and bounds the territory sought to be annexed to such city, and there shall be attached thereto a plat based upon an actual survey by a competent surveyor setting forth the limits and boundaries of the territory to be annexed by metes and bounds and stating the number of inhabitants therein, as well as the number of owners of property therein situate and such other facts as the court may require. Said petition shall be sworn to on behalf of the city and by at least one of the property owners herein provided for. Said petition may be presented in open court or to the judge of said court in chambers and said judge shall fix a time and place of hearing on the petition and shall cause notice of said hearing to be posted in at least three of the most public places in such city and in three places within the territory sought to be annexed, and if a newspaper be published in said city, then to publish such notice at least three times in such paper. Such notices shall be posted at least four weeks before the hearing and the first publication of such notice in the newspaper shall be at least four weeks before the hearing. The court shall make diligent inquiry as to the reasonableness and justice of the petition and if the court be satisfied from proofs and evidence that no private rights will be injured by granting the petition and if it is just and reasonable that the annexation

⚖═See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

take place, the court shall, unless it be shown that the petition is not bona fide or that one or more of the signers thereto are not owners of substantial property rights as herein provided or fails to comply with the requirements of this act in any other respect, order an election."

The petition was presented on May 26, 1925, and July 2 was appointed as the date for a hearing, and notices thereof, by an order, required to be posted and published as required by the statute. On the day set, Mrs. Petra Buschmann appeared and moved to strike the petition, on the ground that no attorney had appeared on behalf of the petitioner as required by rule of court or by statute, the petitioner being a public corporation. She also filed a demurrer on several grounds, the most serious of which are that the petition does not state facts sufficient to constitute a petition for the annexation of territory, and is not sworn to as' required by the statute, and that the court has no jurisdiction of the petition.

Henry Roden, of Juneau, for petitioners.
R. E. Robertson, of Juneau, for remonstrants.

REED, District Judge. As to the motion to dismiss, I am of the opinion that section 1563 of the Compiled Laws is not applicable to the petition before me. The petition is a special proceeding, not contemplated by either the statute or by the rule of court quoted by counsel for objector. The petition was presented to the court by a regular attorney of the court, who was present at the date of the hearing. The motion to dismiss, on the ground stated, will be denied.

Considering the demurrer, I am of the opinion that the petition is defective. The petition itself does not refer to any action or proceeding by the town council of Petersburg, or authorized by statute, nor does the petition show that the mayor of the town is a member of the town council, or that he acted in behalf of the town council in taking the affidavit. Affidavits made for either a public or private corporation should show the authority for making them. The record shows that the petition is sworn to in the following form: "City of Petersburg, by Ed. Locken, Its Mayor." It seems to me, under the wording of the statute, that the petition should show on its face the authority for the presentation of the petition on behalf of the town council, and that the authority should be shown,

either by a resolution of the town council or by an ordinance of the town council, stating that it is the purpose and desire of the town council to enlarge the corporate boundaries as stated in the accompanying petition of property owners within the district proposed to be annexed.

But there is a more serious objection to the court's proceeding with the petition at this time. The statute requires that there be three notices of the hearing posted within the corporate limits, three notices posted within the territory proposed to be annexed, and publication in a newspaper for a specified time. The return shows that three notices were posted within the corporate limits, and that there was a publication as required by statute, but fails to show any posting of notices within the district proposed to be annexed. Under the statute, it is a requisite that the notices shall be posted within the district proposed to be annexed, before the court can consider the petition. This is a jurisdictional defect, as the proceeding is in the nature of a proceeding in rem, and the notices are for the information of all persons interested, whether within or without, or having any interest in, the district, and, without proof of service of the notices required by the statute, the court is without jurisdiction to hear and determine the matter.

As to the sufficiency of the petition, I am of the opinion that the same may be amended to comply with the requirements of the statute as herein indicated by filing a new petition, and 15 days are allowed for the petitioners so to do. If, as appears to be the case, no notices were posted within the district proposed to be annexed, it is necessary that a new order be made, and further posting and publication as required by statute be had. In default of compliance herewith within the time allowed, the petition will be dismissed.